ORDERED in the Southern District of Florida on _____06-21-11_____.



_____
Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

JOHN E. D'AMATO and
LISA ANNE D'AMATO                    CH. 7 CASE NO.: 08-20915 RBR

    Debtor(s).
_____/

DAWN WARREN and MICHELLE
FEBRRAIO, jointly and severally,

    Plaintiff,                        ADV. CASE NO.: 08-01756 RBR
v.

JOHN E. D'AMATO

    Defendant.
_____/

## MEMORANDUM ORDER FINDING IN FAVOR OF THE PLAINTIFFS

**THIS MATTER** came before the Court for trial on May 26, 2011, on the Plaintiffs' Second Amended Complaint [DE 27] and the Defendant's Answer and Affirmative Defenses [DE 34]. After hearing argument from the parties, this Court took the matter under advisement. Now, having reviewed the Court file and the adversary file, having considered the exhibits submitted by the Plaintiffs, having observed the candor, demeanor and credibility of the witnesses, and being otherwise duly apprised in the matter, this Court makes the following findings of fact and conclusions of law:

    The Defendant was the principle director, officer, manager and owner of Premier Abstract and Title, LLC., Nationwide Mortgage Lenders, and Premiere Group Corporation. The

Co-Plaintiff, Michelle Febbraio, is the wife of Marc Weinstein. The Co-Plaintiff, Dawn Warren, is the mother of Michelle Febbraio.

This trial was set pursuant to the Court's Order Scheduling Trial [DE 91]. The Plaintiffs complied with the Order; however, the Defendant did not. The Defendant offered no evidence except the cross-examination of Plaintiffs' witnesses and the direct testimony of John Edward D'Amato ("D'Amato" or "Defendant"). This Court finds that the Defendant's testimony was unsupported by any credible evidence. Additionally, this Court finds that the Defendant was not a credible witness.

In July 2005, the Defendant approached Mr. Weinstein with a real estate investment opportunity. The investment would require $100,000. Defendant explained that the money would be used to demolish a property in Victoria Park, Fort Lauderdale, Florida, and build a new upscale "mini-mansion". The Defendant sought to borrow the money from the Plaintiffs who would raise the money by taking out a $100,000 line of credit on Ms. Febrraio's residence.

The Plaintiffs' plan was to borrow $100,000 from a bank on a home equity line of credit, which would be available to them by writing checks or using a credit card to draw down from the account. In furtherance of that purpose, the Plaintiffs checked the box on the application for the equity line of credit requesting access to the funds through convenience checks and Visa gold cards. The Defendant's company handled the real estate closing on the line of credit. The Defendant somehow checked the box on the Plaintiff's equity application for direct disbursement to the Defendant. This was done without the Plaintiffs' knowledge or consent. The new box that Defendant marked indicated that instead of the convenience checks, an initial advancement of the equity line of credit was requested in the amount of $100,000. The Defendant received the entire $100,000 in a direct disbursement to Premiere Abstract and Title without the authorization of the Plaintiffs. The Defendant transferred the funds into a corporate holding account, and spent the $100,000.

The Defendant asserted as one of his affirmative defenses and testified at trial that he had repaid the loan. Additionally, he testified that he had paid the interest on the loan. By this admission, he conceded that he had received and used the $100,000. The Defendant's oral testimony as to the full repayment of the loan is not supported by any credible evidence nor is it believable. The funds stolen have not been paid back or returned to the Plaintiffs.

For the reasons stated on the record at trial and set forth in this Order, this Court finds that the debt owed by the Defendant to the Plaintiffs is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). The Court will enter a separate final judgment consistent with these findings.

####

Copies to:
Plaintiff
Defendant